**CROWN OVERALL MFG. CO. v. CHAHIN.**

No. 13825.

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1953.

Frank Zugelter, Cincinnati, Ohio, Henry M. Robinson, New Orleans, La., for appellant.

R. H. Feuille and Thornton Hardie, El Paso, Tex., for appellee.

Before HOLMES, RUSSELL, and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

The appellant, in its complaint, alleged that it owned the trade-marks *Headies* and *Headlights*, and used them for many years on its wearing apparel of pants, shirts, and overalls; that the appellee long after the registration by appellant of said trademarks, began the production and sale of overalls bearing the trade-mark *Headall*; and that appellee was selling the same in several southwestern states, thereby infringing appellant's trade-marks on goods of the same descriptive character, which entitled it to an injunction and damages. The appellee denied any deceit, fraud, or confusion, and claimed that the use by him of the word Headall did not constitute unfair or unlawful competition.

The suit was tried on its merits before the court, without a jury, the court finding for the defendant and entering judgment accordingly. The findings of fact

were that the plaintiff owned the trademarks, and had used them, as alleged; but that the dominant and distinctive characteristic of both trade-marks of the appellant was a railroad engine-headlight beam feature, which appealed to the eye and made a lasting impression on a person's memory; that the only difference between the Headies trade-mark and the Headlight trade-mark was that the former had the word Headies superimposed on the "headlight beam" instead of the word Headlight; and that the two trade-marks of appellant were identical in all other respects, the dominant feature of each being the railroad engine-headlight beam.

The court found that the appellee had not advertised his Headall brand garments but, beginning in 1935, had sold such marked garments in Texas, Arizona, California, Colorado, and New Mexico; that he had made no attempt to copy or imitate the "railroad engine-headlight beam feature" of appellant's trade-marks or to adopt any similar feature, the only similarity between the plaintiff's and the defendant's trade-marks being the word "Head," the endings being entirely dissimilar and free from confusing similarity. The court also found that the style and shape of printing the arrangement of words in plaintiff's trade-marks were entirely dissimilar from the style and shape of printing the words and the arrangement of the words in defendant's trade-marks as used in the trade; that plaintiff's trade-marks are not properly dissectible, but are composite marks that include the distinctive "headlight beam" feature, which taken together connotes a headlight or headlight beam; and that the public had never actually been deceived by the Headall trademark, nor was the resemblance between the marks sufficiently close to deceive purchasers or to cause goods of the defendant to be passed off as those of the plaintiff.

The court concluded as a matter of law that (1) the trade-mark Headall did not infringe upon the trade-marks Headlight and Headies; (2) that the trade-mark Headall was not confusingly similar to appellant's trade-marks; and (3) that the appellee was not guilty of unfair competition. We think that the findings and conclusions of the trial court are correct, and that the judgment appealed from should be affirmed. It is so ordered. Coca-Cola Co. v. Carlisle Bottling Works, D.C., 43 F.2d 101, Id., 43 F.2d 119, 120; John Morrell & Co. v. Doyle, 7 Cir., 97 F.2d 232, 236, 237; American Tobacco Co. v. Globe Tobacco Co., C.C., 193 F. 1015; Nims' Unfair Competition & Trade Marks, 4th Edition, pp. 757, 758.

Affirmed.